UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

-vs-               Case No. 2:11-cv-349-FtM-36SPC

$871,234.00, Seized from Standard Chartered Bank
Account Number 3582036023001, held in the Name
of Bank Internasional Indonesia,

       Defendant.
_____

**ORDER**

   This matter comes before the Court on the Plaintiff, the United States of America's Motion for Entry of a Clerk's Default (Doc. #12) filed on December 13, 2011. Under Fed. R. Civ. P. 55(a), default is justified "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear by affidavit or otherwise, the clerk shall enter the party's default."

   The Plaintiff moves for a Clerk's Default against the Defendant Funds $871,234.00 to bar any claims against said funds. On June 17, 2011, the Plaintiff filed a Verified Complaint for Forfeiture *in Rem* pursuant to 18 U.S.C. § 981(a)(1)(C) and § 981(a)(1)(A) seeking forfeiture of the Defendant $871,234.00 seized from Standard Chartered Bank Account Number 3582036023001. The Defendant Funds were held in the Name of Bank International Indonesia. Eighteen U.S.C. § 981(a)(1)(C) and § 981(a)(1)(A) allow for the seizure of funds that are traceable to the commission of "specified unlawful activity." On July 21, 2011, the Warrant of Arrest *in Rem,* together with a copy of the Verified Complaint for Forfeiture *in Rem,* were served upon the defendant funds as required by Supplemental Rule G(3)(b) & (c). (Doc. 10).

The Plaintiff published Notice of the civil forfeiture on the U.S. Government's website WWW. U.S. Forfeiture.gov, for a period of thirty (30) days through August 14, 2011. The Deadline to claim the funds expired on September 14, 2011. The Plaintiff also sent Notice including a copy of the Complaint, the Arrest Warrant *In Rem,* and the related Case Order and Track Notice to the only known potential claimant Crosswise Investments, Ltd. The Notice and Complaint to Crosswise were sent via U.S. Mail and Federal Express. The U.S. Postal Service never received a return certifying delivery but also the Notice and Complaint were not returned as undeliverable. The Federal Express package was received and verified by signature on October 28, 2011. As such, if Crosswise Investment was going to make a claim in the Defendant Funds, said claim had to be made prior to November 28, 2011. To date no claim has been made by Crosswise. As such, pursuant to Supplemental Rule G(4)(b)(ii)(B) and 18 U.S.C. § 983(a)(4)(A), the Motion for a Clerk's Default is due to be granted against the Defendant $871,234.00.

Accordingly, it is now

**ORDERED:**

The Plaintiff, the United States of America's Motion for Entry of a Clerk's Default (Doc. #12) is **GRANTED**. The Clerk of the Court is hereby directed to enter a Clerk's Default against the Defendant $871,234.00.

**DONE AND ORDERED** at Fort Myers, Florida, this ___14th___ day of December, 2011.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record