UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**UNITED STATES OF AMERICA,**

  **Plaintiff,**

**V.**              Case No: 2:11-CV-349-FtM-UASPC

**$871,234.00 SEIZED FROM
STANDARD CHARTERED BANK
ACCOUNT NUMBER
3582036023001, HELD IN THE
NAME OF BANK INTERNASIONAL
INDONESIA,**

  **Defendant.**
_____/

## ORDER

  This matter comes before the Court on the Plaintiff's Motion for Clerk's Entry of Default (Doc. #27) filed on June 27, 2012. Under Fed. R. Civ. P. 55(a), default is justified "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear by affidavit or otherwise, the clerk shall enter the party's default."

  The Plaintiff moves for a Clerk's Default against the Defendant Funds $871,234.00 to bar any claims against said funds. On June 17, 2011, the Plaintiff filed a Verified Complaint for Forfeiture *in Rem* pursuant to 18 U.S.C. § 981(a)(1)(C) and § 981(a)(1)(A) seeking forfeiture of the Defendant $871,234.00 seized from Standard Chartered Bank Account Number 3582036023001. The Defendant Funds were held in the Name of Bank International Indonesia. Eighteen U.S.C. §981(a)(1)(C) and § 981(a)(1)(A) allow for the seizure of funds that are traceable to the commission of "specified unlawful activity." On July 21, 2011, the Warrant of

Arrest *in Rem*, together with a copy of the Verified Complaint for Forfeiture *in Rem*, were served upon the Defendant funds as required by Supplemental Rule G(3)(b) & (c). (Doc. 10).

On July 16, 2011, the Plaintiff published Notice of the Civil Forfeiture on the U.S. Government's website - www.forfeiture.gov - for a period of thirty (30) days through August 14, 2011. (Doc. #11). The deadline to claim the funds expired on September 14, 2011. The Plaintiff also sent Notice including a copy of the Complaint, the Arrest Warrant *in Rem,* and the related Case Order and Track Notice to the only known potential claimant, Crosswise Investments, Ltd. (Doc. #12-2). The Notice and Complaint to Crosswise were sent via U.S. Mail and Federal Express. The U.S. Postal Service never received a return certifying delivery but also the Notice and Complaint were not returned as undeliverable. The Federal Express package was received and verified by signature on October 28, 2011. As such, if Crosswise Investment was going to make a claim in the Defendant Funds, said claim had to be made prior to November 28, 2011. On December 13, 2011, the Plaintiff filed a Motion for Clerk's Entry of Default. (Doc. #13). The Court granted the Plaintiff's Motion for a Clerk's Default on December 14, 2011. (Doc. #14). The Clerk entered a default against the Defendant $871,234.00 on December 16, 2011. (Doc. #15).

On January 17, 2012, the Plaintiff filed a Motion to Stay the Civil Proceedings to evaluate the effect of the United States Department of Justice, Office of Legal Council's opinion issued in the previous month on civil forfeiture cases generally and alternative grounds to support forfeiture of the Defendant funds in this case. (Doc. #15). On January 26, 2012, the Court granted the Plaintiff's motion and stayed the civil forfeiture proceedings until March 1, 2012. (Doc. #16). On February 29, 2012, the Plaintiff filed a Motion to Lift Stay. (Doc. #17). The Court granted the motion on March 2, 2012. (Doc. #18). On March 21, 2012, the Plaintiff

filed a Motion to Amend the Verified Complaint. (Doc. #19). The Court granted the Plaintiff's Motion on March 23, 2012. (Doc. #20).

On April 4, 2012, the Plaintiff filed an Amended Complaint for Forfeiture *in Rem* pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), as proceeds traceable to the commission of bank fraud in violation of 18 U.S.C. § 1344. (Doc. #21). On April 12, 2012, the Warrant of Arrest *in Rem* and a copy of the Amended Verified Complaint for Forfeiture *in Rem* were served upon the Defendant Funds. (Doc. #25). On April 12, 2012, the Plaintiff sent a Notice of Complaint for Forfeiture *in Rem*, a copy of the Amended Verified Complaint for Forfeiture *in Rem*, the Warrant of Arrest *in Rem*, and an Acknowledgment of Receipt of Notice of Complaint for Forfeiture via Federal Express International Priority to the only known potential claimant, Crosswise Investments, Ltd. The package was delivered to Crosswise Investments, Ltd., as a potential claimant, on April 16, 2012 at 12:06 p.m., and signed for by S. Zatte, receptionist/front desk.[1] (Exhibit 27-2). Crosswise Investments, Ltd.'s claim was due no later than May 21, 2012.

On April 24, 2012, the Plaintiff published the Amended Notice of the civil forfeiture on the U.S. Government's website - www.forfeiture.gov - for a period of thirty (30) days, through and including May 23, 2012. (Doc. 26). The claim deadline was June 23, 2012. To date, no claim has been filed in the instant civil forfeiture action, including nothing filed by Crosswise Investments, Ltd.'s, and time for filing a claim or contest forfeiture has expired. As such, the Plaintiff's Motion for Clerk's Entry of Default shall be granted against Defendant in the amount of $871,234.00.

---

[1] Upon review of the Notice (Doc. #27-2), the Court notes that the contents of the Notice satisfy Rule G(4)(b)(ii)(A-D) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure. Supplemental Rule G(4)(b)(iv) further states that the Notice may be sent by commercial carrier, as was done in this case.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Clerk's Entry of Default (Doc. #27) is **GRANTED**. The Clerk of the Court is hereby directed to enter a Clerk's Default against the Defendant Funds in the amount of $871,234.00.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of July, 2012.



SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record